1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK D. STEED,                        No. C 12-3423 CW (PR)

          Petitioner,                    ORDER OF DISMISSAL WITH LEAVE
                                         TO AMEND; DIRECTING CLERK OF
     v.                                  THE COURT TO PROVIDE PETITIONER
                                         WITH CIVIL RIGHTS FORM AND
T. KING, Associate Warden, et            PRISONER'S IN FORMA PAUPERIS
al.,                                     APPLICATION

          Respondents.
_____/

     This case was commenced when Petitioner filed a petition for a
writ of habeas corpus in which he challenges his indeterminate
placement in the Pelican Bay State Prison Security Housing Unit.
He seeks declaratory and injunctive relief overturning his
validation as a gang member and ordering his release from the SHU.
Petitioner has also filed an application to proceed <u>in forma
pauperis</u> (IFP).

                         DISCUSSION

A.   Standard of Review

     This Court may entertain a petition for a writ of habeas
corpus "in behalf of a person in custody pursuant to the judgment
of a State court only on the ground that he is in custody in
violation of the Constitution or laws or treaties of the United
States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21
(1975).  A district court shall "award the writ or issue an order
directing the respondent to show cause why the writ should not be
granted, unless it appears from the application that the applicant
or person detained is not entitled thereto."  28 U.S.C. § 2243.
Summary dismissal is appropriate only where the allegations in the

United States District Court
For the Northern District of California

1  petition are vague or conclusory, palpably incredible, or patently

2  frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491

3  (9th Cir. 1990) (quoting Blackledge v. Allison,  431 U.S. 63, 75-76

4  (1977)).

5  B.   Petitioner's Claim

6       Petitioner alleges his Fourteenth Amendment rights were

7  violated when he was validated as a gang member and placed in the

8  SHU for an indeterminate period on the basis of insufficient and

9  unreliable evidence.  As noted, Petitioner seeks declaratory and

10 injunctive relief that would overturn his gang validation and

11 compel his release from the SHU.

12      Petitioner's claims are not cognizable in federal habeas

13 corpus.  "'Federal law opens two main avenues to relief on

14 complaints related to imprisonment: a petition for habeas corpus,

15 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of

16 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges

17 to the lawfulness of confinement or to particulars affecting its

18 duration are the province of habeas corpus.'"  Hill v. McDonough,

19 547 U.S. 573, 579 (2006) (quotation and citation omitted).  "An

20 inmate's challenge to the circumstances of his confinement,

21 however, may be brought under § 1983."  Id.

22      While the Supreme Court has not addressed whether a challenge

23 to a condition of confinement may be brought in habeas corpus, see

24 Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth

25 Circuit has held that "habeas jurisdiction is absent, and a § 1983

26 action proper, where a successful challenge to a prison condition

27 will not necessarily shorten the prisoner's sentence."  Ramirez v.

28 Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  In particular, where,

2

as here, a petitioner's successful challenge to his administrative segregation will not necessarily shorten his sentence, habeas jurisdiction does not lie.  See id.

Where a prisoner files a habeas petition attacking the conditions of his confinement the district court may construe such petition as a civil rights action under § 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  The Court will not do so here, however, unless Petitioner affirmatively informs the Court that he wants this case to proceed as a civil rights action.  Because § 1983 cases filed by prisoners are subject to certain statutory requirements of which Petitioner should be aware before deciding to proceed with a § 1983 action, the Court will not construe the petition as a § 1983 action without Petitioner's consent.  In particular, § 1983 cases filed by prisoners are subject to a requirement that the claims be administratively exhausted.  See 42 U.S.C. § 1997e(a).  Further, such cases are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee for habeas cases, see 28 U.S.C. § 1914(a), and the fee must be paid even if IFP status is granted, by way of deductions from the prisoner's trust account until the full $350.00 fee is paid.  See 28 U.S.C. § 1915(b).  For these reasons, Petitioner might not seek to have the instant action treated as a § 1983 case.

Accordingly, this case is DISMISSED with leave to amend for Petitioner to allege a cause of action under § 1983.  Should he fail to do so, the case will be dismissed without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   This case is DISMISSED with leave to amend.

3

United States District Court

For the Northern District of California

1       If Petitioner intends to allege a cause of action under 42

2   U.S.C. § 1983, he must do so no later than <u>twenty-eight</u> days from

3   the date of this Order.  He must use the court's civil rights form,

4   write the case number for this action (C 12-3423 CW (PR)) on the

5   form and complete all sections of the form.

6       2.   Petitioner has not filed an application to proceed IFP,

7   but has informed the Court that he intends to pay the $5.00 habeas

8   corpus filing fee.  As noted above, the filing fee for a civil

9   rights action is $350.00.

10      Accordingly, before this case can proceed as a civil rights

11  action, Petitioner must, no later than <u>twenty-eight</u> days from the

12  date of this Order, pay the $350.00 filing fee or file a completed

13  application for leave to proceed IFP.

14      3.   <u>The failure to file a completed civil rights form and to</u>

15  <u>pay the filing fee or file the requisite IFP documents within the</u>

16  <u>twenty-eight day deadline shall result in the dismissal of this</u>

17  <u>action without prejudice.</u>

18      The Clerk of the Court shall send Petitioner a blank civil

19  rights form and the Court's prisoner IFP application form along

20  with a copy of this Order.

21      IT IS SO ORDERED.

22

Dated:  8/7/2012

23                      CLAUDIA WILKEN

                    UNITED STATES DISTRICT JUDGE

24

25

26

27

28

**United States District Court**
For the Northern District of California

4