IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK D. STEED,

        Petitioner,

  v.

T. KING, Associate Warden, et al.,

        Respondents.
_____/

No. C 12-3423 CW (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK OF THE COURT TO PROVIDE PETITIONER WITH CIVIL RIGHTS FORM AND PRISONER'S IN FORMA PAUPERIS APPLICATION

This case was commenced when Petitioner filed a petition for a writ of habeas corpus in which he challenges his indeterminate placement in the Pelican Bay State Prison Security Housing Unit. He seeks declaratory and injunctive relief overturning his validation as a gang member and ordering his release from the SHU. Petitioner has also filed an application to proceed <u>in forma pauperis</u> (IFP).

DISCUSSION

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).   A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."   28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the

petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claim

Petitioner alleges his Fourteenth Amendment rights were violated when he was validated as a gang member and placed in the SHU for an indeterminate period on the basis of insufficient and unreliable evidence.  As noted, Petitioner seeks declaratory and injunctive relief that would overturn his gang validation and compel his release from the SHU.

Petitioner's claims are not cognizable in federal habeas corpus.  "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quotation and citation omitted).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.

While the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought in habeas corpus, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  In particular, where,

United States District Court
For the Northern District of California

as here, a petitioner's successful challenge to his administrative segregation will not necessarily shorten his sentence, habeas jurisdiction does not lie.  See id.

Where a prisoner files a habeas petition attacking the conditions of his confinement the district court may construe such petition as a civil rights action under § 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  The Court will not do so here, however, unless Petitioner affirmatively informs the Court that he wants this case to proceed as a civil rights action.  Because § 1983 cases filed by prisoners are subject to certain statutory requirements of which Petitioner should be aware before deciding to proceed with a § 1983 action, the Court will not construe the petition as a § 1983 action without Petitioner's consent.  In particular, § 1983 cases filed by prisoners are subject to a requirement that the claims be administratively exhausted.  See 42 U.S.C. § 1997e(a).  Further, such cases are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee for habeas cases, see 28 U.S.C. § 1914(a), and the fee must be paid even if IFP status is granted, by way of deductions from the prisoner's trust account until the full $350.00 fee is paid.  See 28 U.S.C. § 1915(b).  For these reasons, Petitioner might not seek to have the instant action treated as a § 1983 case.

Accordingly, this case is DISMISSED with leave to amend for Petitioner to allege a cause of action under § 1983.  Should he fail to do so, the case will be dismissed without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   This case is DISMISSED with leave to amend.

United States District Court
For the Northern District of California

If Petitioner intends to allege a cause of action under 42 U.S.C. § 1983, he must do so no later than <u>twenty-eight</u> days from the date of this Order.  He must use the court's civil rights form, write the case number for this action (C 12-3423 CW (PR)) on the form and complete all sections of the form.

2.   Petitioner has not filed an application to proceed IFP, but has informed the Court that he intends to pay the $5.00 habeas corpus filing fee.  As noted above, the filing fee for a civil rights action is $350.00.

Accordingly, before this case can proceed as a civil rights action, Petitioner must, no later than <u>twenty-eight</u> days from the date of this Order, pay the $350.00 filing fee or file a completed application for leave to proceed IFP.

3.   <u>The failure to file a completed civil rights form and to pay the filing fee or file the requisite IFP documents within the twenty-eight day deadline shall result in the dismissal of this action without prejudice.</u>

The Clerk of the Court shall send Petitioner a blank civil rights form and the Court's prisoner IFP application form along with a copy of this Order.

IT IS SO ORDERED.

Dated: 8/7/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4